UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERONIA S. O/B/O Q.Q.T., III,[1]

      Plaintiff,

    v.                            24-CV-961 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## DECISION AND ORDER

Plaintiff Teronia S. brought this action under 42 U.S.C. § 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that Claimant, Plaintiff's minor child, was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 5. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application, on behalf of Claimant, for Supplemental Security Income ("SSI"), filed on February 12, 2018.  Tr. 138–43.[2] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ").  *Id.* at 63–77.  Following the hearing, at which Plaintiff was represented by counsel, ALJ Ellen Bush issued an unfavorable decision.  *Id.* at 15–24.  Plaintiff appealed, and on November 8, 2022, the Court entered an order remanding Plaintiff's case for further proceedings.  *Id.* at 551–62. On December 1, 2022, the Appeals Council ("AC") entered an order remanding the case to the ALJ.  *Id.* at 564–68.

On April 17, 2024, Plaintiff appeared once more before ALJ Bush, who again issued an unfavorable decision.  *Id.* at 444–53, 461–505.  Plaintiff timely sought judicial review in this Court.  Dkt. 1.

## LEGAL STANDARDS

### I.   DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue,* 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Biestek v. Berryhill,* 589 U.S. 97, 99

---

[2] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 3 are hereby denoted "Tr. ___."

(2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To make that determination, an ALJ must follow a three-step process. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether a child is engaged in substantial gainful work activity. *Id.* § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment, he or she is not disabled. *Id.* If the child does have a severe impairment, the ALJ continues to step three and determines whether the child's impairment meets, medically equals, or functionally equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* § 416.924(d).

In determining whether an impairment functionally equals the Listings, the ALJ assesses the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself or herself; and (6) health and physical well-being. *Id.* § 416.926(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment must result in "marked" limitations in at least two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked limitation" if his or her impairment "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation, on the other hand, if his or her impairment "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If a child has an impairment that meets, medically equals, or functionally equals the Listings, and the impairment meets the Act's duration requirement, the ALJ will find the child disabled. *Id.* § 416.924(d).

## DISCUSSION

## I.    THE ALJ'S DECISION

Here, the ALJ followed the three-step process outlined above. *See* Tr. 444–45. The ALJ first determined that Claimant was born on December 14, 2011, and therefore was a "school-age child" on the date his application was filed. *Id.* at 445. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since February 12, 2018, the date his application was filed. *Id.*

At step two, the ALJ found that Claimant had the following severe impairments: "an attention deficit hyperactivity disorder and a developmental language delay." *Id.* At step three, the ALJ determined that none of Claimant's impairments met or medically equaled the severity of the Listings. *Id.* at 446–47.

The ALJ then addressed Claimant's abilities in each of the six domains to determine whether Claimant's impairments functionally equaled the Listings. *Id.* at 447–53. The ALJ found that Claimant had "no limitation" in moving about and manipulating objects and "less than marked limitation[s]" in attending and completing tasks, interacting and relating with others, caring for himself, and health and physical well-being. *Id.* at 448. The ALJ also found that Claimant had a "marked limitation" in acquiring and using information. *Id.* Because Claimant did "not have either 'marked' limitations in two domains of functioning or [an] 'extreme'

limitation in one domain," the ALJ concluded that Claimant had not been disabled since the date his application was filed. *Id.* at 453.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. *See* Dkt. 5-1 at 13–17. More specifically, Plaintiff argues that the ALJ failed to evaluate properly Claimant's functioning in the domains of interacting and relating with others and caring for oneself. *Id.* For the reasons that follow, the Court disagrees.

## III.    ANALYSIS

For a child's impairment to functionally equal the Listings, "the impairment must result in marked limitations in two domains of functioning or an extreme limitation in one domain." *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 75 (2d Cir. 2009) (citation modified) (quoting 20 C.F.R. § 426a(a)). In making that determination, an ALJ "must consider all of the relevant evidence[] and employ a 'whole child' approach." *Teena H. o/b/o N.I.K. v. Comm'r of Soc. Sec.*, 521 F. Supp. 3d 287, 291 (W.D.N.Y. 2021) (citation modified). To do so, an ALJ will consider "evidence from all settings, including school records, such as grades and aptitude and achievement test scores, evidence from medical and non-medical sources, and evidence from the child [him/her]self." *Martonique A. obo M.Q. v. Comm'r of Soc. Sec.*, 2023 WL 5723068, at *5 (W.D.N.Y. Sept. 5, 2022).

Here, the ALJ found Claimant to have less than marked limitations in the domains of interacting and relating with others and caring for himself. *See* Tr. 448. Substantial evidence supported the ALJ's findings.

For example, in considering Claimant's functioning in interacting and relating with others, the ALJ acknowledged that Claimant "demonstrate[d] an articulation impairment that qualified him for speech-language pathology supports at school," that "[s]chool records note[d] difficulty maintaining self-control, particularly when confronted with situations that triggered his frustration or anger," and that "[C]laimant ha[d] been suspended on several occasions." *Id.* at 450. The ALJ noted, however, that Claimant's "classroom teacher supported no problems in interacting and relating with others." *Id.* And the ALJ concluded that, "given behavioral reports from the 2023–2024 academic year," it [wa]s reasonable to [find a] less than marked limitation in this functional domain." *Id.*

As to Claimant's functioning in caring for himself, the ALJ noted that Claimant exhibited "defiant behavior," had a record of suspensions from school, and had other school-related incidents that did not merit suspension. *Id.* at 451. The ALJ also noted that Claimant's mother reported "issues tying shoelaces, choosing or hanging up clothes independently, helping around the house, [and] accepting criticism or correction." *Id.* The ALJ found, however, that "[l]ater records show[ed] that [Claimant] ha[d] no difficulty navigating around school independently and taking care of his personal needs" and that "primary care records document[ed] no issues engaging in age-appropriate self-care." *Id.* The ALJ acknowledged that

"[w]hile academic records clearly show numerous incidents where [Claimant] acted out in the classroom, on other days, [Claimant] did better and was observed to make positive choices." *Id.* And the ALJ explained that Claimant's "current teacher supported no limitation" in this domain and noted no issues in "handling frustration appropriately, being patient, using good judgment, responding appropriately to change[s] in mood, or using coping skills to meet the demands of the school environment." *Id.* Nonetheless, the ALJ gave Claimant the benefit of the doubt, credited his "behavioral incidents throughout the record" and found a "less than marked limitation" rather than no limitation at all. *Id.*

Plaintiff takes issue with the ALJ's reliance on the questionnaire completed by Claimant's classroom teacher to find Claimant less than markedly limited in these domains. Dkt. 5-1 at 14–15. And Plaintiff points to evidence in the record that she says supports greater limitations than the ALJ found. *Id.* at 13–17. But "it is not enough for Plaintiff . . . to argue that the evidence in the record could support her position." *Stephanie D. v. Comm'r of Soc. Sec.*, 2025 WL 2778306, at *3 (W.D.N.Y. Sept. 30, 2025) (citation modified). Rather, "[t]he substantial evidence standard means once an ALJ finds facts, [the Court] can reject [them] only if a reasonable factfinder would have to conclude otherwise." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation modified); *see Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("[Substantial evidence] mean—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). In other words, Plaintiff must show that "no reasonable factfinder

8

could have reached the ALJ's conclusion." *Thomas S. v. Comm'r of Soc. Sec.*, 2021 WL 1293105, at *7 (W.D.N.Y. Apr. 7, 2021) (citing *Brault*, 683 F.3d at 448). Plaintiff's argument does not clear that high bar.

Plaintiff also argues that the ALJ's failure to explain adequately "her finding that Claimant had less than marked limitation[s]" warrants remand. Dkt. 5-1 at 17. But "[a]n ALJ does not have to state on the record every reason justifying a decision." *Valdez-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault*, 683 F.3d at 448). Instead, so long as an ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," the ALJ does not err. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). That is the case here.

In sum, Plaintiff's "disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents [the Court] from reweighing it." *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) (summary order). Because the ALJ "was entitled to weigh all of the evidence available to make a[] . . . finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did that, the ALJ's decision was supported by substantial evidence, and the Court will not second-guess it, *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 5).  The Clerk of the Court shall close this case.


SO ORDERED.


Dated:     June 9, 2026
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

10